UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MOSHE WAGH,

                        Plaintiff,                    Civil Action No.: 18-cv-

        -against-

ROBERT L. WILKIE, JR., in his official capacity as      **Complaint and Jury Demand**
Secretary of Veterans Affairs,

                       Defendant.

------------------------------------------------------------------X

Plaintiff, Moshe Wagh ("Plaintiff"), by and through his attorney, Corey Stark PLLC, complains of Defendant and respectfully sets forth to the Court as follows:

## NATURE OF THE ACTION

1. This is an action to recover damages for discrimination on the basis of religion in the terms, conditions, and privileges of employment under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e and 28 U.S.C. §§ 1331 and 1343.

## VENUE

3. Venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. § 1391, because the Southern District of New York is the judicial district within the state in which the unlawful employment practices are alleged to have been committed.

## PREREQUISITES

4. Plaintiff filed an internal complaint of discrimination with the United States Department of Veteran Affairs ("VA").

5. On November 7, 2017, Plaintiff made a complaint of discrimination with his local VA EEO office in Bronx, New York.

6. More than 180 days have passed since November 7, 2017, and VA has not issued a decision, and no appeal has been filed.

7. Since more than 180 days have passed and VA has taken no steps to resolve the EEO complaint, Plaintiff is vested with the authority to quit the administrative process and file a civil action.

## PARTIES

8. Plaintiff is an Orthodox Jew.

9. At all times hereinafter mentioned Plaintiff was, and still is, a resident of the State of New York.

10. At all times material herein Plaintiff was an "employee" entitled to protection within the meaning of Title VII.

11. Defendant Robert L. Wilkie, Jr. is the Secretary of the United States Department of Veteran Affairs and is sued in his official capacity as head of VA, an agency of the federal government.

12. At all times relevant herein, VA has employed over twenty (20) full-time employees and is an "Employer" within the meaning of Title VII.

13. This action arises out of Defendant's wrongful, illegal, and tortious conduct within the State of New York.

**BACKGROUND & DISPARATE TREATMENT**

14. Plaintiff is a physician licensed to practice medicine.

15. Plaintiff is an anesthesiologist with more than thirty (30) years of experience.

16. Plaintiff commenced his employment by VA on February 17, 1988 as a Staff Anesthesiologist.

17. At all times relevant herein Plaintiff was assigned to the James J. Peters VA Medical Center ("Bronx VA"), which is located at 130 West Kingsbridge Road, Bronx, New York.

18. At all times relevant herein Plaintiff met and exceeded the VA's reasonable performance expectations.

19. The VA has a practice of preparing regular performance evaluations for Staff Anesthesiologist, and Plaintiff has consistently received a rating of High Satisfactory/Above Average, which is the second-best rating available.

20. There are two components to compensation for Staff Anesthesiologist: step/grade and locality adjustment. Step/grade is based on longevity and the schedule is set forth in 38 U.S.C. 7431. The step/grade schedule ranges from 1 to 15, with step 1 setting the floor for physicians with two (2) or fewer years of service and step 15 setting the ceiling for employees who have a tenure of more than twenty-eight (28) years. The physicians who have achieved twenty-eight (28) or more years with the VA are entitled to more than thirty percent (30%) more in step/grade wages than their colleagues with two (2) or fewer years of tenure. Locality pay is based on comparison from the Bureau of Labor Statistics, which uses the National Compensation Survey to measure non-federal compensation in a particular labor market and compare it to federal pay for employees

who perform similar work in the same region.  All physicians in the same discipline in the same region should receive the same in locality pay.

21.  At all relevant times herein Plaintiff was paid disparate wages, on account of the fact that he is an Orthodox Jew.

22.  At all relevant times, despite having reached the top step/grade (step 15) due to his longevity, Plaintiff has received significantly lower wages than Staff Anesthesiologists at the Bronx VA who are not Orthodox Jews.

23.  Plaintiff's wages are lower because he received approximately $50,000 less in locality annual pay than the Staff Anesthesiologists who work in the Bronx VA.

24.  Despite his excellent work and more than thirty-year tenure, Plaintiff is presently the lowest paid Staff Anesthesiologist at the Bronx VA.

25.  Plaintiff has made numerous complaints about his disparate wages to management at the Bronx VA, who have failed to remedy this disparity by paying Plaintiff equal wages.

26.  Defendants' proffered reason for the disparate wages is that Plaintiff is not board certified.  This is a pretext for discrimination, however, because an increase for board certification accounts for a small fraction of the wage disparity.

27.  Plaintiff's religion was the motivating factor in Defendants' decision to pay him unequal wages.

## AS AND FOR A FIRST COUNT

28.  Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "27" inclusive with the same force and effect as if fully set forth at length herein.

29. Defendant unlawfully discriminated against Plaintiff with respect to the terms and conditions of employment because of religion. By reason thereof, Defendant violated Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C § 2000e, *et seq.*

30. As a direct and proximate result of Defendant's unlawful discriminatory practices as described above, Plaintiff was humiliated and embarrassed within the work atmosphere and suffers from physical manifestations thereof, which were brought about as the result of Defendant's systematic and continuous unlawful discriminatory practices.

31. As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has also sustained significant economic damages.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) for all forms of relief recoverable under the statutes sued hereunder including back pay, front pay, and compensatory damages;

(b) for an award of a statutory attorneys' fees;

(c) for an award of pre-judgment interest and costs;

(d) together with interest and such further and additional relief as the Court deems just and proper.

COREY STARK PLLC

By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 324-3705

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
August 24, 2018

                                      COREY STARK

                                      _____
                                      By: Corey Stark (CS-3897)
                                      *Attorneys for Plaintiff*
                                      110 East 59th Street, 22nd Floor
                                      New York, New York   10022
                                      (212) 324-3705