```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOSHE WAGH,                                            :
                                                       :    18-CV-7726 (RWL)
                            Plaintiff,                 :
                                                       :
            - against -                                :    ORDER
                                                       :
ROBERT L. WILKIE, JR., in his official                 :
capacity as Secretary of Veteran Affairs               :
                                                       :
                            Defendant.                 :
                                                       :
------------------------------------------------------------X
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2021

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the parties' motions in limine and certain disputes about jury instructions. *See* Dkt. 80, 83, 85, 86.

**A.      "Who Cares About Wagh?"**

According to Plaintiff, Dr. Boggs told him that when Dr. Lankhoff learned that Plaintiff had complained about his pay, Dr. Lankhoff said, "Who cares about Wagh?" Defendant seeks to preclude reference to the statement as inadmissible hearsay. This motion is denied. The statement involves two potential hearsay junctures: first, what Dr. Lankhoff said to Dr. Boggs; second, what Dr. Boggs said to Plaintiff. Neither is hearsay, however, because they both are being offered by Dr. Wagh as statements of an opposing party. *See* FRE 801(d)(2)(D).[1] Moreover, as Defendant concedes, both Dr. Lankhoff and Dr. Boggs are expected to testify at trial. Accordingly, they both will be available for examination and cross-examination, as will Plaintiff.

---

[1] The statement attributed to Dr. Lankhoff would, as communicated to Dr. Boggs, also fall under a hearsay exception as it reflects Dr. Lankhoff's state of mind at the time it was made. FRE 803(3).

1

**B.     Evidence Of Alleged Discrimination Against Others**

Defendant moves to preclude Plaintiff from offering evidence of alleged discrimination by Defendant against other employees.  Plaintiff specifically intends to offer testimony from Dr. Jeffrey Freed, an Orthodox Jewish doctor with a different specialty than Plaintiff.  Dr. Freed's testimony will be that, about five years before the incident involving Plaintiff, Dr. Langhoff criticized him for rescheduling surgeries so that he could observe the Jewish holiday known as Rosh Hashanah.  Dr. Freed will further testify that he lodged a complaint of discrimination to his supervisor that the Defendant never investigated.

Defendant's motion is granted. Dr. Freed will be precluded from testifying pursuant to FRE 403.  The probative value of the proffered evidence is substantially outweighed by its unfair prejudice and likelihood of confusing the jury.  The Court considers at least three factors relevant to determining admissibility of such "me too" evidence: similarity of the incidents; extent to which the incidents involve the same actors; and temporal nexus.  Although Dr. Langhoff is implicated in both incidents, the other two factors weigh against admission.  The incidents are not similar other than that they involve the same religion and Dr. Langhoff.  The Dr. Freed incident is many years old.  Pursuing the matter at trial will open up an array of fact issues that will distract from the case at hand and confuse the jury.

**C.     Back Pay, Front Pay, Benefits**

Defendant seeks to exclude from the jury evidence regarding Plaintiff's claims for back pay, front pay, and related benefits.  As Defendants correctly point out, and Plaintiff concedes, back pay, front pay, and related benefits are equitable remedies for the Court to determine.  Plaintiff argues, however, that the Court should put these issues before the

jury to render an advisory verdict. The Court finds no particular reason warranting an advisory verdict for these issues. Meanwhile, asking the jury to consider these issues will unnecessarily complicate matters and further protract their service. To be clear, however, any otherwise admissible evidence will be permitted regardless if it would also be relevant to determining equitable remedies.

**D.     Causation**

Plaintiff argues that the proper causation test for Plaintiff's discrimination claim is not one of but-for causation but, instead, whether his religion was "a motivating factor" for the Defendant's pay. Defendant has not argued to the contrary. Indeed, Defendant asserts that the proper standard is "a substantial or motivating factor" and that Plaintiff's proposed jury instructions use an incorrect "relied, in part" or "considered" standard. The jury instructions will reflect the proper "motivating factor" standard prescribed by the Supreme Court and the law of this Circuit.

**E.     The Pay Act (38 U.S.C. §7431)**

Plaintiff charges discrimination in pay, which in this case is governed by the Department Of Veterans Affairs Health Care Personal Enhancement Act Of 2004 (the "Pay Act"). Several of the parties' disagreements revolve around the Pay Act.

**1.     Legal Argument To The Jury**

Defendant seeks to preclude Plaintiff from making legal arguments about the proper interpretation and application of the Pay Act. Plaintiff contends that he should not be precluded from introducing evidence about the Pay Act or arguing about its meaning and application in closing argument. Defendant's motion is granted in part. No party may argue for a particular legal meaning or interpretation of the Pay Act. The Court will instruct the jury about the law, including the Pay Act. The Court will provide its proposed

instruction about the Pay Act to the parties in advance of trial. During trial, the parties may show and quote from the instruction. The parties are not precluded, however, from asking fact witnesses about their lay understanding of the Pay Act insofar as those witnesses' job responsibilities included making or informing decisions about the pay of Plaintiff or his colleagues.

### 2. Total Pay vs. Market Pay

The Pay Act sets forth three components of pay, one of which is market pay. Plaintiff's focus is on market pay, while Defendant's focus is on the sum total of the three components. Plaintiff argues that Defendant's proposed jury instructions improperly frame the issue for the jury as whether Plaintiff's total compensation was arrived at in a discriminatory fashion. As set forth in the Court's summary judgment decision, both market pay and total pay are relevant to the case. The Court will address this issue in formulating the jury instructions, which will be discussed with the parties in advance of trial.

### 3. Weight Given To Market Pay Factors

The Pay Act lists several factors to be considered in determining the market pay component of an employee's total pay. To the extent that the Court instructs the jury on the Pay Act and the market pay factors, Defendant asks that the jury be instructed that "it is within the VA's discretion how much weight to give to each factor." Defendant appears to be concerned that the jury may conclude that the factors are to be given equal weight. The Pay Act, however, does not mention or suggest assigning equal weight, or any particular weight, to each of the factors. The Court finds no need to include the requested instruction at this time, but may revisit the issue before charging the jury, depending on developments during trial. Accordingly, the request is denied without prejudice.

### F. Plaintiff's Exhibit 31

Plaintiff's Exhibit 31 is the Pay Administration section of the VA employee handbook dated April 15, 2002. Plaintiff contends the exhibit, and a particular compensation worksheet from the handbook, is probative of the VA's relatively low valuation of board certification and was a reference source that the persons responsible for setting compensation could have consulted but did not consult in setting Plaintiff's pay. Defendant moves to exclude Exhibit 31 because its probative value, if any, is outweighed by unfair prejudice and likelihood of confusing the jury. Defendant's motion is granted.

The April 15, 2002 version of that handbook section was not in effect at the time of the pay decisions at issue in this case, which were made in 2016 and 2017. Rather, as Defendant correctly points out, the version in effect at the relevant time was dated April 2, 2013. During the interim, the handbook changed materially due to enactment of the Pay Act in 2004. The methodology and valuations of Exhibit 31 are outdated and have no probative value. Its admission into evidence is apt to confuse the jury and will be excluded.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
October 21, 2021

Copies transmitted this date to all counsel of record.